# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00068-MR
# [Criminal Case No. 1:08-cr-00082-MR-1]

| | |
|---|---|
| VINCENT LAMAR BOULWARE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** comes before the Court on Petitioner's Motion for Reconsideration [Doc. 22].

## I.     BACKGROUND

Petitioner is serving a 188-month sentence following his conviction for three bank robberies, in violation of 18 U.S.C. § 2113(a). On April 9, 2012, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, in which he raised, among other things, a claim that he received ineffective assistance of counsel because counsel failed to procure a 18 U.S.C. § 3006A(e) psychological expert and failed to move for a U.S.S.G. § 5K2.13 downward departure with that expert's help. On February 3, 2014, this Court denied and dismissed Petitioner's motion to

vacate on the merits. [Doc. 20]. On March 4, 2014, Petitioner filed the pending motion for reconsideration, which he brings pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

## III. DISCUSSION

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his motion to vacate, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, in his motion for reconsideration, Petitioner merely reasserts or extrapolates on some of the allegations made in the original motion to vacate. Specifically, he asserts as he did in his motion to vacate that the Court erred as a matter of law "in not holding that counsel was ineffective with respect to seeking a privileged assessment of [Petitioner's] mental state." [Doc. 22 at 2]. For these reasons, the Court will deny Petitioner's motion for reconsideration.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that Petitioner's Motion for Reconsideration will be denied.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in

order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Reconsideration [Doc. 22] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to grant a certificate of appealability.

**IT IS SO ORDERED.**　　Signed: August 18, 2014

Martin Reidinger
United States District Judge